Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Avenue
Butte, Montana 59701
Telephone: (406) 782-1111
Facsimile: (406) 782-4000
larry@vicevichlaw.com
dave@vicevichlaw.com
   *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| TYLER GATES,<br><br>    Plaintiff,<br><br>    v.<br><br>MATT IVES, in his individual capacity; and RICHARD PASHA, in his official capacity.<br><br>    Defendants. | Cause No. CV-23-89-BU-BMM<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Tyler Gates, by and through his counsel of record, Lawrence E. Henke, and for his Complaint against Defendants, asserts and alleges as follows:

## PARTIES

1. Plaintiff Tyler Gates was a resident of Deer Lodge County at all times pertinent.

2. Defendant Matt Ives was a resident of Deer Lodge at all times pertinent.

3. Defendant Richard Pasha was acting in his official capacity as a Seargent with the Anaconda-Deer Lodge Police Department at all times pertinent.

## VENUE AND JURISDICTION

4. Venue is proper in Federal District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

5. This Court has personal jurisdiction over the parties to this lawsuit because both parties are residents of Deer Lodge County, Montana and all events took place within the Butte Division of the District of Montana.

6. This Court has subject matter jurisdiction over the Plaintiff's claims alleged in this Complaint because they involve federal statutes. (Authority: 28 U.S.C. §§ 1331 and 1343).

7. The Court may take pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND FACTS

8. Matt Ives is a Police Officer with the Anaconda-Deer Lodge Police Department.

9. On December 23, 2022, Ives was off duty and drinking with his wife, Shawnee Ives, at the Thompson Bar in Anaconda.

10. At approximately 10:50 p.m., Matt and Shawnee Ives were sitting at the bar when Shawnee initiated a verbal confrontation with Ronelle Gates, who was walking past them.

11. Ronelle Gates and Matt Ives share a child with each other, but they are currently married to other people.

12. Shawnee Ives began arguing back and forth with Ronelle Gates, at which point Matt Ives and Tyler Gates attempted to intervene and pull their wives away from each other.

13. Matt Ives then engaged in loud and verbal abuse of Tyler Gates, which created a disturbance.

14. Next, Bob Sandoval (a customer at the bar) grabbed Tyler Gates and pinned his hands behind his back.

15. Matt Ives then punched Tyler Gates, while he was being held by Sandoval, hitting him at least three times, causing Tyler significant injuries.

16. Three members of the Anaconda-Deer Lodge Police Department responded to calls regarding the incident at Thompson Bar: Police Officer Daniel Beasley, Police Officer Blake Linsted, and Sergeant Richard Pasha.

17. The three uniformed law enforcement officers interviewed Matt and Shawnee Ives, Ronelle and Tyler Gates, the bartender, and witnesses.

18. The officers noted that Tyler Gates had clearly been struck in the face and had red marks between his eyebrows and across the bridge of his nose.

19. Matt Ives (a police officer) admitted to his colleagues that he punched Tyler Gates three times.

20. Matt Ives did not make any claims that Tyler Gates made physical contact with him first.

21. Matt Ives did not make any claims that any words Tyler Gates said to him were designed to incite a quarrel or challenge him to a fight.

22. Despite Matt Ives' admission that he assaulted Tyler, he was not charged with a crime by his co-workers from the Anaconda-Deer Lodge Police Department, nor was he taken into custody.

23. The Anaconda-Deer Lodge Police Department has a policy manual that governs the field operations for law enforcement officers.

24. Sergeant Pasha was the supervising officer that night and made the decision not to charge Matt Ives, but rather, he simply suggested it was time for him to go home.

25. Sergeant Pasha did not actually make Ives go home, however; Matt Ives remained at the bar bragging to other bar patrons about "beating up" Tyler while he continued to drink and boast for at least two hours.

26. Sergeant Pasha did not follow the Anaconda-Deer Lodge Police Department policy(ies) that governs the field operations for law enforcement officers.

27. Sergeant Pasha did not follow Montana law in the preferential conduct in which he engaged that (i) denied the Gates of their constitutional rights to equal protection, (ii) denied the Gates of their right to access to the courts, and (iii) that denied the Gates of their constitutional rights to due process.

28. Sergeant Pasha, under color of authority, by the conduct in which he engaged that (i) denied the Gates of their constitutional rights to equal protection, (ii) denied the Gates of their right to access to the courts, and (iii) that denied the Gates of their constitutional rights to due process.

## Claims and Causes of Action

### Count 1
### ASSAULT BY MATT IVES

29. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

30. Matt Ives purposely and/or knowingly caused bodily injury to Tyler Gates by use of physical force or contact.

31. There is no justification for Ives to punch Tyler repeatedly in the face.

32. Tyler has continued to suffer the long-term effects of Ives assaulting him, including but not limited to, issues with memory, vision, breathing, headaches, sleeping at night, and sinus problems.

33. Tyler is entitled to damages from Ives in an amount to be proven at trial.

### Count 2
### NEGLIGENCE BY MATT IVES

34. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

35. Pursuant to Mont. Code Ann. § 28-1-201 every person is bound to abstain from injuring the person or property of another or infringing upon any of another person's rights.

36. Matt Ives owed Tyler Gates the duties set forth in Mont. Code Ann. § 28-1-201 and other duties of care as established under Montana law.

37. Matt Ives breached his duty to Tyler Gates by punching him in the face three times, without justification or provocation.

38. Tyler has continued to suffer the long-term effects of Ives assaulting him, including but not limited to, issues with memory, vision, breathing, headaches, sleeping at night, and sinus problems.

39. Tyler is entitled to damages from Ives in an amount to be proven at trial.

## Count 3
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY MATT IVES

40. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

41. Matt Ives acted intentionally or recklessly in his treatment of Mr. Gates.

42. Matt Ives' actions were extreme and outrageous.

43. Matt Ives' actions were the cause of Mr. Gates' emotional distress.

44. Mr. Gates has suffered and continues to suffer severe emotional distress as a result of Matt Ives' actions, including but not limited to, embarrassment, mental anguish, sleeplessness, anxiety, and fear of authority.

## Count 4
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY MATT IVES

45. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

46. Matt Ives acted negligently in his treatment of Mr. Gates.

47. Matt Ives' actions were the cause of Mr. Gates' emotional distress.

48. Mr. Gates has suffered and continues to suffer severe emotional distress as a result of Matt Ives' actions, including but not limited to, embarrassment, mental anguish, sleeplessness, anxiety, and fear of authority.

49. Mr. Gates' emotional distress is the reasonably foreseeable consequence of Matt Ives' negligent actions.

## Count 5
### VIOLATION OF 42 U.S.C. § 1983 BY RICHARD PASHA

50. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

51. At all times pertinent to this incident, Richard Pasha acted under color of authority as a law enforcement officer for Anaconda-Deer Lodge County, Montana.

52. Defendant Pasha, while acting under color of authority, deprived Mr. Gates of his civil rights under the Fourteenth Amendment which provides constitutional rights to equal protection and due process.

53. The acts and omissions of Defendant Pasha, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

54. Each act or omission of Matt Ives violated Mr. Gates' civil rights under the Fourteenth Amendment of the U.S. Constitution.

55. Each act or omission of Defendant Pasha proximately caused or contributed to the deprivation of Mr. Gates' constitutional rights, his injuries, and his damages.

## Count 6
### MONTANA CONSTITUTIONAL RIGHTS VIOLATION BY RICHARD PASHA
### SECTION 3

> Section 3. **INALIENABLE RIGHTS**. All persons are born free and have certain inalienable rights. They include the right to a clean and healthful environment and the rights of pursuing life's basic necessities, enjoying and defending their lives and liberties, acquiring, possessing and protecting property, and seeking their safety, health and happiness in all lawful ways. In enjoying these rights, all persons recognize corresponding responsibilities.

56. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

57. The Montana Constitution guarantees the inalienable right to enjoy and defend the lives and liberties of each citizen under Section 3.

58. The Montana Constitution guarantees the inalienable right to seek each person's safety, health and happiness in all lawful ways under Section 3.

59. While acting under color of authority, Sergeant Pasha violated Mr. Gates' constitutional rights by not arresting Matt Ives despite his admission to having assaulted Mr. Gates, thereby depriving him of the right to enjoy and defend his life and liberty.

60. While acting under color of authority, Sergeant Pasha violated Mr. Gates' constitutional right to seek his personal safety, health and happiness in all lawful ways.

61. The Montana Constitutional Rights guaranteed under Section 3, Inalienable Rights were abandoned and violated by Sergeant Pasha acting under color of authority.

62. The action taken by Sergeant Pasha under color of authority caused physical, emotional, mental, and financial harm to Mr. Gates.

### Count 7
### MONTANA CONSTITUTIONAL RIGHTS VIOLATION BY RICHARD PASHA
### SECTION 4

> Section 4. **INDIVIDUAL DIGNITY**. The dignity of the human being is inviolable. No person shall be denied the equal protection of the laws. Neither the state nor any person, firm, corporation, or institution shall discriminate against any person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin, or condition, or political or religious ideas.

63. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

64. The Montana Constitution guarantees the Constitutional right of individual dignity under Section 4 whereby no person shall be denied equal protection of the laws.

65. The Montana Constitution guarantees the Constitutional right of individual dignity under Section 4 whereby the State may not discriminate against any

person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin, or condition, or political or religious ideas.

66. While acting under color of authority, Sergeant Pasha violated Mr. Gates' constitutional rights to individual dignity by Sergeant Pasha violated Mr. Gates' constitutional rights by not arresting Matt Ives despite his admission to having assaulted Mr. Gates, thereby discriminating Mr. Gates differently than Ives.

67. The Montana Constitutional Rights guaranteed under Section 4, Individual Dignity were abandoned and violated by Sergeant Pasha acting under color of authority.

68. The action taken by Sergeant Pasha under color of authority caused physical, emotional, mental, and financial harm to Mr. Gates.

### Count 8
### MONTANA CONSTITUTIONAL RIGHTS VIOLATION BY RICHARD PASHA
### SECTION 17

Section 17. **DUE PROCESS OF LAW.** No person shall be deprived of life, liberty, or property without due process of law.

69. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

70. The Montana Constitution guarantees the Constitutional right of due process under section 17 whereby no person shall be deprived of life, liberty or property without due process of law.

71. While acting under color of authority, Sergeant Pasha violated Mr. Gates' constitutional rights in depriving him of life, liberty and property without due

process of law by not arresting Matt Ives despite his admission to having assaulted Mr. Gates.

72. The Montana Constitutional Rights guaranteed under Section 17, Due Process were abandoned and violated by Sergeant Pasha acting under color of authority.

73. The action taken by Sergeant Pasha under color of authority caused physical, emotional, mental, and financial harm to Mr. Gates.

## Prayer for Relief

Wherefore, Plaintiff prays for relief as follows:

A. An award of compensatory damages for each and every claim,

B. An award of attorney fees and costs as allowed by law, including under 42 U.S.C. § 1988, and

C. For any other relief the Court deems just under the circumstances.

DATED this 4th day of December, 2023.

/s/ *Lawrence E. Henke*_____
LAWRENCE E. HENKE
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, by and through her counsel, and hereby demands a jury trial.

DATED this 4th day of December, 2023.

/s/ *Lawrence E. Henke*_____
LAWRENCE E. HENKE
Attorney for Plaintiff