IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TYLER GATES,<br><br>Plaintiff,<br><br>vs.<br><br>MATT IVES, in his individual capacity; and RICHARD PASHA, in his official capacity.<br><br>Defendants. | CV 23–89–BU–DLC<br><br><br>ORDER |

PURSUANT TO STIPULATION of the parties and good cause appearing therefore, the Court finds a Protective Order should be entered in this matter:

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1.    Plaintiffs have requested through discovery certain documents and information from Defendant Richard Pasha that contain confidential and private information.  The confidential information at issue includes but is not limited to personnel records.  This Protective Order is intended to preserve the confidentiality of those documents and the confidential information contained in them.  For purposes of this Protective Order, the above-described documents and information shall be referred to herein as "Confidential Information."

2.    The parties to this lawsuit shall use the Confidential Information only for purposes of the present lawsuit.

1

3.  No party shall publicly disseminate or use the Confidential Information, except as provided in Paragraph 5.

4.  Confidential Information, including copies, shall not be disseminated except to the following:

a.  The parties;

b.  The attorneys and their employees working on this action on behalf of any party;

c.  Employees or consultants of the parties who are assisting with the development, prosecution, defense, appeal, or attempted settlement of this matter, provided that only such information will be shown to such persons as is essential under the circumstances;

d.  Any person of whom testimony is taken or to be taken in this action, provided that only such documents will be shown to such persons as are essential to their testimony; and

e.  the Court.

5.  All documents produced in response to the Court's August 12, 2024 Order will be subject to this Protective Order.  Further documents may be designated as Confidential Information and shall be conspicuously marked as "Confidential" by the producing person or entity.  Such designations must be in good faith and made consistent with Fed. R. Civ. P. 26.

6.      If copies of the Confidential Information covered by this Stipulation are made exhibits at any deposition, those deposition exhibits shall be filed under seal and continue to be treated as confidential information as set forth herein.

7.      If any party files with the Court any Confidential Information, such information shall be filed under seal.

8.      Confidential Information shall be copied sparingly as necessary for the purpose of conducting this litigation and may only be copied by the individuals described in Paragraph 4(b).  Copies of Confidential Information supplied to persons described in Paragraphs 4(c), (d), and (e) shall be clearly marked as confidential and shall be accompanied by a cover sheet stating that the materials are not to be copied or further disseminated and that the materials are to be returned to the attorney supplying it at the conclusion of the case.

9.      Confidential Information proposed to be used at trial shall be addressed by subsequent order.  However, documents containing Confidential Information may be redacted to alleviate any concern for confidentiality and utilized without any additional notification or restriction imposed by this stipulation.

10.     All parties understand that documents relied upon by the Court in resolving any issue before the Court, including documents filed under seal, will be made public contemporaneously with the Court's ruling on the issue.

11. Within ninety days after the conclusion of this litigation (meaning the time when no further appeal or review may be taken, or following final settlement), all Confidential Information obtained by any party subject to this Stipulated Protective Order shall be either destroyed or returned to the counsel who produced it.

12. This Stipulation shall not be construed as an admission by Defendants that the Confidential Information is admissible or subject to discovery in this action, and shall not prejudice Defendants' rights to object to or oppose discovery where appropriate.

13. A party may challenge any Confidential Information document designation if it believes the designation is not warranted and have the Court determine whether such document(s) are protected under such claim of confidentiality.

DATED this 20th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court