IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TYLER GATES,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MATT IVES, in his individual capacity,<br><br>　　　　　　Defendant. | CV 23–89–BU–DLC<br><br><br><br>ORDER |

　　　　Before the Court is Defendant Matt Ives's Motion to Dismiss. (Doc. 41.) Through the Motion, Ives requests that the Court dismiss this matter with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 1.)

　　　　Rule 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019) (citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint).

　　　　In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Gates has failed to comply with this Court's Order directing his new counsel to file a notice of appearance, or in the alternative, to notify the Court of his decision to proceed pro se. (*See* Doc. 38 at 1.) This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Gates does not comply with the Court's orders. Gates's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the defendant. A rebuttable presumption of prejudice to a defendant arises when a Plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447,

1452-53 (9th Cir. 1994). Gates's failure to comply with the Court's Order has caused delay of this matter to the detriment of Ives. Therefore, the third factor weighs in favor of dismissal.

The Court has considered less drastic alternatives. Gates was afforded an adequate amount of time in which to notify the Court how he planned to proceed. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Gates's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS ORDERED that the Motion (Doc. 41) is GRANTED. This matter is DISMISSED with PREJUDICE and any pending motions are DENIED as MOOT. The Clerk of Court is directed to close this file.

DATED this 5th day of January, 2025.

_____
Dana L. Christensen, District Judge
United States District Court